IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DONNA SUE BERRY,

        Plaintiff,

v.                                                                                          CIVIL ACTION NO.   3:14-9859

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**ORDER**

This action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings of Fact and recommended that Plaintiff Donna Sue Berry's motion for judgment on the pleadings be denied, that the like motion of Defendant be granted, and the decision of the Commissioner be affirmed. ECF No. 16. Plaintiff now raises two objections to the Proposed Findings and Recommendations of the Magistrate Judge. ECF No. 19. This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Plaintiff's first objection is that the Magistrate Judge erred in finding that the Administrative Law Judge's (ALJ) residual functional capacity (RFC) determination was adequate. Plaintiff argues that the ALJ failed to comply with Social Security Ruling (SSR) 96-8p,

which provides a "RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling 96-8p, 61 Fed. Reg. 34474, 34476 (1996). Plaintiff specifically argues that the ALJ failed to address how long Plaintiff could stand, walk, or sit, how much she could carry, whether she had pushing/pulling restrictions, or whether she could work a full work day. Plaintiff asserts that only after the functional limitations are assessed may a RFC be expressed in terms of exertional levels of work such as sedentary, light, medium, heavy, and very heavy. However, as addressed by the Magistrate Judge, any error of the ALJ in this case was harmless as the ALJ "identified the exertional category, less than full range of light, which is more than sedentary, plus the specifically delineated nonexertional limitations, which are supported by the evidence of record." *Prop. Findings and Recommendations,* at 19 (ECF No. 16). In this instance, the Court further finds that the ALJ's failure "to assess . . . [Plaintiff's] capacity to perform [some] relevant functions" does not "frustrate meaningful review." *Mascio v. Colvin*, No. 13-2088, 2015 WL 1219530, *3 (4th Cir. Mar. 18, 2015). Therefore, the Court denies this objection.

In addition, the Court has reviewed Plaintiff's objection to the ALJ's evaluation of the psychological opinions and finds it without merit. As stated by the Magistrate Judge, the ALJ's analysis of the psychological opinions of record is set forth in the ALJ's decision and is supported by substantial evidence in the record. *Prop. Findings and Recommendations,* at 19.

Accordingly, based upon this Court's review, the Court **DENIES** Plaintiff's objections, **ACCEPTS AND INCORPORTES HEREIN** the Findings and the Recommendations of the Magistrate Judge, **DENIES** Plaintiff's request for judgment on the

pleadings (ECF No. 11), **GRANTS** the Commissioner's request for judgment on the pleadings (ECF No. 12), and **AFFIRMS** the decision of the Commissioner. The Court further **DISMISSES** this action **WITH PREJUDICE** and **DIRECTS** the Clerk to remove it from the docket of the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 31, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE